ANDREW McLEAN, APPELLANT, *v.* JAMES H. PRENTICE AND OTHERS, RESPONDENTS.

*Judgment-creditor's action — it cannot be brought after a general assignee has distributed the debtor's estate under a decree of the County Court — 1877, chap. 466.*

It is a complete defense to an action brought by a judgment-creditor to set aside as fraudulent a general assignment for the benefit of creditors, to show that, prior to the commencement of the action, the whole of the assigned estate had been distributed under a decree of the County Court, and that the assignee had been absolutely discharged upon the accounting, authorized by the statute, 1877, chapter 466.

APPEAL from a judgment of the Special Term, dismissing the complaint upon the merits.

*C. Bainbridge Smith,* for the appellant.

*Douglas Campbell,* for the respondents.

BRADY, J.:

This is a proceeding by a judgment creditor to set aside a voluntary assignment executed by James H. Prentice. It appeared upon the trial, however, that the fund arising from the sale of the assigned estate had been distributed under the decree of the County Court of Kings county, several months prior to the commencement of this action. This is deemed a complete answer to the action.

The decree of the county judge of Kings county discharged the assignee absolutely, which he was authorized to do upon an accounting under the statute of 1877, chapter 466, to be found in Laws of that year, page 543. Section 22 of that act expressly provides that all orders or decrees in the proceedings designated shall have the same

force and effect, and may be entered, docketed and enforced, and appealed from, the same as like orders or decrees of a county court in an original action brought therein. And by section 25 it is provided also that any proceeding under the act, including a review by appeal or otherwise, should be deemed for all purposes one had in a court as a court of general jurisdiction, and further, that after the filing or recording of an assignment under the act, the court might exercise the powers of a court of equity in reference to the trust and any matters involved therein. The effect of the distribution was the same at common law. (*Ames* v. *Blunt*, 5 Paige, 13, 22, 23; *Tomkins* v. *Wheeler*, 16 Peters, 106; Burrill on Assignments [4th ed.], 752, 699.)

The appellant seeks to overcome the effect of this statute and common-law principle by the fact that the assignment bears date the 21st of September, 1880, and some portions of the stock are inventoried on the twenty-second of September, the day following, and the proposition growing out of that circumstance that the decree only relates to the matters included in the accounting and does not, therefore, embrace the property had on the 21st of September, 1880. This is ingenious and doubtless correct in principle, but here is not available. The finding of the learned justice in the court below is that the whole of the assigned estate was distributed, which means all the property that the assignor had at the time of the assignment. The assignment appears to have been executed on the afternoon of the twenty-first of September, and possession taken the next morning. Our attention has not been called to any evidence, and we find none, in the case showing that there was any property on the twenty-first of September, belonging to the estate, which was not inventoried on the morning of the twenty-second, when possession was taken under and by virtue of the assignment. In the absence of such evidence, and as against the finding that the whole of the assigned estate had been distributed the proposition of the defendant's counsel cannot prevail. It may be that if the appellant were not met in *limine* by the decree mentioned some good reason could be found, springing out of the evidence, for a successful assault upon the assignment; but it is not necessary, however, to pursue this subject further, the decree discussed having the force and effect of a judgment which

.506    PEOPLE ex rel. OSGOOD v. COM'RS OF TAXES.

FIRST DEPARTMENT, JANUARY TERM, 1885.

must protect the assignee, the estate having been distributed in virtue of its direction. The judgment appealed from should, **for these reasons**, be affirmed, with costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Judgment affirmed, with costs.